THE STATE OF OHIO, APPELLEE, v. ROBERTS, APPELLANT.

(No. 543—Decided November 9, 1957.)

*Mr. William M. Harrelson,* city solicitor, for appellee.
*Mr. William H. Thornburgh,* for appellant.

*Per Curiam.* Defendant, appellant herein, was indicted for reckless operation of a vehicle under Section 4511.20, Revised Code. Although it is not material to the assignments urged, we are met at the inception of this case with what apparently is a difference of opinion between the state highway patrolman and the defendant as to the direction in which defendant was moving and the side of the road over which his car came to rest.

From the record it is very difficult to determine on which side the defendant's car left the road. There also seem to be disagreements between the patrolman and the defendant as to the direction in which the car was moving when it left the road. It appears that the accident occurred sometime after midnight on April 6, 1957, and defendant was driving a 1956 Chevrolet

sedan which turned over and was lying on its top when it came to rest.

Before defendant had reached the place where he left the road, there was a stretch of the highway, about 200 feet long, which was covered with water to a depth of five or six inches. Defendant testified that he moved slowly through this water and then picked up speed, at which time he gradually applied his brakes, and that they grabbed and caused him to swerve and leave the highway. There was a curve at or near the place where the automobile left the roadway. The state highway patrolman who arrested the defendant stated that he drove through the water without difficulty and without affecting his brakes, although it is undisputed that the highway was wet and a slight rain was falling. The automobile of defendant was badly damaged, and two fence posts from a fence along, but off, the highway were torn down. There is no dispute in the evidence that no damage was done to any property on the highway proper, nor were there pedestrians or drivers, or vehicles of any kind other than defendant and his car on it or near the place where his automobile was being driven when it left the highway.

Defendant moved for a directed verdict at the conclusion of the state's case and at the conclusion of the whole case. The motions were overruled. Defendant was found guilty and sentenced. The appeal is prosecuted from the judgment and sentence of the trial court. Three errors are assigned:

1. The court erred in refusing to enter a verdict of acquittal of the defendant when such motion was made at the close of the state's case, and when renewed at the close of all the evidence; and

2. The court erred in entering a judgment of guilty, for the reason that the same was against the manifest weight of the evidence; and

3. The court erred in the rejection of the evidence offered by the defendant.

We consider the third assignment first. The evidence related to photographs which were taken by the defendant on the morning following the occurrence wherein he drove off the highway. Technically, the trial judge was correct in holding that an essential to their admission was missing, viz., a showing

that the pictures were true reflections of physical conditions at the scene of the alleged offense when it occurred. 17 Ohio Jurisprudence, 579, 580, Section 472. The probabilities are that there had been no change in the terrain from midnight, when defendant's auto left the highway, until the next morning when the photographs were taken, but that proof was not forthcoming. The refusal to admit these photograph, even if erroneous, could not have been prejudicial.

The first assignment of error is based on the claim that the facts developed do not support a conviction of the offense charged and defined by the statute, Section 4511.20, Revised Code. The statute reads:

"No person shall operate a vehicle * * * without due regard for the safety and rights of pedestrians and drivers and occupants of all other vehicles * * *, so as to endanger the life, limb, or property of any person while in the lawful use of the streets or highways."

It is essential to a violation of this statute that not only shall there be an operation of a vehicle without due regard for the safety and rights of pedestrians and drivers and occupants of all other vehicles, but also that the operation shall be such "as to endanger the life, limb, or property" of some "person while in the lawful use of the streets or highways." This latter requirement is not found in the factual development in this case. There were no persons on the highway in proximity to the defendant when he drove off the highway, so that he did not drive "so as to endanger the life, limb, or property of any person." The property which was endangered and damaged was not on the highway and, therefore, no property of any person lawfully using the highway was endangered. The proof did not support the conviction, and the motion of the appellant for directed verdict in both instances should have been sustained.

The second assignment of error is directed to the manifest weight of the evidence. Inasmuch as we have held that the conviction was improperly entered, as a matter of law, this assignment has no effect, unless we are in error in holding that the first assignment is well made. If the question were before us, we would be required to say that the judgment of guilty was against the manifest weight of the evidence.

The judgment is, therefore, reversed and the defendant ordered discharged.

*Judgment reversed.*

HORNBECK, P. J., WISEMAN and CRAWFORD, JJ., concur.