THE STATE OF OHIO, APPELLEE, *v.* KNIGHTON, APPELLANT.

(No. 849—Decided December 21, 1959.)

*Mr. Robert A. Fries*, prosecuting attorney, for appellee.
*Mr. John C. Huffer*, for appellant.

SMITH, J.  Defendant, appellant herein, upon affidavit, was charged with operating a Ford pick-up truck without due regard for the rights and safety of pedestrians, drivers and occupants of other vehicles in the lawful use of the highway, striking a bridge on a county road and pushing the bridge into a creek, in violation of Section 4511.20 of the Revised Code.

The only testimony in the record is that of the affiant, a deputy sheriff assigned to investigate the accident.  He investigated the scene of the accident and made certain physical observations as to skid and treadmarks of the tires of the defendant's vehicle on the bridge, collision marks on bridge and automobile, damage to the bridge and location of the automobile on the bottom of the creek and its damaged condition.  This circumstantial evidence tended to prove inferentially that the vehicle either struck the west side of the bridge, causing it to collapse on the west side, or that the bridge otherwise collapsed on its west side as defendant was traveling north on the left-hand side of the bridge.  The deputy also testified that the defendant's breath smelled of liquor, that the defendant told him he had had a couple bottles of beer and that defendant was removed in an ambulance to the hospital.  The deputy read from his report a statement of defendant, as follows:

"I started to cross the bridge but even the bridge went out and I don't remember, the next thing I remember I was in Wood County Hospital and in the sheriff's office."

The defendant was found guilty on the hearing before the County Court judge and fined $50 and costs.  The judgment was affirmed by the Common Pleas Court of Wood County.  This appeal is prosecuted from the judgment and fine of the trial court, as affirmed.

The assignments of error are:

1. Allowing the complaining witness to testify as to his opinions and conclusions without qualification as an expert and without proper foundation for expert testimony.

2. The verdict is not sustained by the evidence and is contrary to law.

Since we hold that the judgment and fine of the trial court is contrary to law, compelling the discharge of the defendant, it is unnecessary to discuss other errors assigned.

Section 4511.20 of the Revised Code, entitled "Reckless Operation of Vehicles," reads as follows:

"No person shall operate a vehicle, trackless trolley, or streetcar without due regard for the safety and rights of pedestrians and drivers and occupants of all other vehicles, trackless trolleys, and streetcars, so as to endanger the life, limb, or property of any person while in the lawful use of the streets or highways."

In the case of *State* v. *Wells,* 146 Ohio St., 131, 64 N. E. (2d), 593, Section 6301-20, General Code, now Section 4511.20, Revised Code, was analyzed and construed upon a charge of manslaughter. It is there held that that section of the Code is a law applying to the use or regulation of traffic. Also, in *State* v. *Martin,* 164 Ohio St., 54, 128 N. E. (2d), 7, it was held on a charge of manslaughter that "Section 4511.20, Revised Code, providing that 'no person shall operate a vehicle * * * without due regard for the safety and rights of pedestrians * * * so as to endanger the life * * * of any person while in the lawful use of the * * * highways,' is a law applying to the 'use or regulation of traffic,' within the purview of Section 4511.18, Revised Code."

Section 78 of Chapter 24 of the Akron City Code, relative to reckless driving, patterned after Section 4511.20, Revised Code, came under consideration by the Supreme Court in *City of Akron* v. *Kline,* 165 Ohio St., 322, 135 N. E. (2d), 265. In the *per curiam* opinion, on page 324, it is said:

"To sustain a conviction for reckless driving under Section 78, above quoted, three elements are necessary: (1) Operating a vehicle; (2) operating it without due regard for the safety and rights of pedestrians and drivers and occupants of all other vehicles; and (3) operating it so as to endanger the life, limb, or property of any person while in the lawful use of the streets or highways."

In the recent case of *State* v. *Roberts,* 107 Ohio App., 523, 160 N. E. (2d), 353, the court had before it the matter of the construction of Section 4511.20 on facts somewhat analogous

to the case at bar. There, the defendant ran off the road and tore down two fence posts from a fence along, but off, the highway. In the *per curiam* opinion, on page 525, it is stated:

"It is essential to a violation of this statute that not only shall there be an operation of a vehicle without due regard for the safety and rights of pedestrians and drivers and occupants of all other vehicles, but also that the operation shall be such 'as to endanger the life, limb or property' of some 'person while in the lawful use of the streets or highways.' This latter requirement is not found in the factual development in this case. There were no persons on the highway in proximity to the defendant when he drove off the highway, so that he did not drive 'so as to endanger the life, limb, or property of any person.' "

The state, in the case before us, fails to prove the requisite element of the crime that defendant while driving encountered either a person or property so as to endanger the life, limb or property of some person while in the lawful use of the highway. Section 4511.20, under its terms, does not encompass with constitutional definiteness and certainty a crime predicated on collision with a bridge. It can not be said that a bridge on a county road is the property of some "person" while such "person" is in the lawful use of the street or highway, or that the bridge constitutes a use by some person in the lawful use of the highway for traffic or traveling purposes.

The judgment of the Common Pleas Court affirming the County Court is, therefore, reversed, and the cause is remanded to the County Court with instructions to discharge the defendant.

*Judgment reversed.*

Fess and Deeds, JJ., concur.