THE STATE OF OHIO, APPELLEE, *v.* BROWN, APPELLANT.

(No. 326—Decided April 27, 1983.)

Mr. John L. Petry, prosecuting attorney, and Mr. Paul E. Holtzmuller, special prosecutor, for appellee.

Mr. Craig A. Dynes, for appellant.

*Per Curiam.* This cause came on to be heard upon an appeal from the Eaton Municipal Court.

On September 2, 1982, a brown Chevrolet El Camino pickup truck turned into an alley off Orchard Street in the village of Manchester, Preble County, Ohio. The vehicle proceeded approximately half a block until it struck the side of a garage, after which the vehicle left the scene.

In response to a call, Trooper John Myers of the Ohio State Highway Patrol went to the scene where he observed skid marks and "accelerating tire marks from the garage clear down to Orchard Street and around Orchard Street approximately twenty (20) feet east of the alley itself." He picked up some vehicle parts which he found in the area of the garage, including a tail light and a left front marker light. Myers talked to witnesses who provided a description of the vehicle in question.

Subsequently, the defendant was contacted and, at first, denied that he was involved in the accident, or that he owned a brown vehicle corresponding to the vehicle described by witnesses. Later in the conversation with the officer, the defendant admitted ownership of the brown vehicle and agreed to bring the same to the patrol post where Myers discovered damage to the left side. The trooper also discovered that the vehicle was missing a left front marker light and some tail light parts. The parts in possession of the officer corresponded to the parts missing from the defendant's vehicle. Afterwards, the defendant stated that his accelerator had stuck and that he panicked and left the scene.

The defendant was charged with reckless operation contrary to R.C.

4511.20. The trial judge found the defendant guilty, and the defendant brings a timely appeal setting forth the following assignments of error:

"First Assignment of Error:

"Did the trial court err in finding the defendant guilty by reason of skid marks and acceleration marks located on or about a certain alley and/or street of West Manchester, Ohio?

"Second Assignment of Error:

"Did the trial court err in finding the defendant guilty of the charge as the record is void of any evidence that the safety of persons or property was in jeopardy?

"Third Assignment of Error:

"Did the trial court err in finding the defendant guilty of the charge based upon the fact that the defendant was involved in an accident off or [sic] the thoroughfare upon which he was travelling?"

In support of his first assignment of error, the defendant cites the case of Columbus v. Amarine (1964), 120 Ohio App. 238 [29 O.O.2d 42], for the proposition that a conviction for reckless operation is not supported by evidence which consists solely of the testimony of the arresting officer, when the officer is not a witness to the events leading up to the accident, and when the officer concludes that the defendant was speeding, based solely on certain skid marks and the defendant's admission that he was going no more than thirty-five miles per hour in a twenty-five mile per hour zone. The defendant in the case sub judice acknowledges that the facts are not identical to his own case. We agree.

First of all, in Columbus v. Amarine, supra, the accident occurred at an intersection where the defendant alleged that another driver failed to stop at a stop sign, causing the defendant to swerve. In the case sub judice, the defendant told Myers that his accelerator had stuck; but,

the physical evidence does not support that contention. Instead, it supports the conclusion that the defendant accelerated rapidly, lost control in the alley, and struck the garage.[1]

The defendant failed to testify and the record contains no reasonable explanation for the defendant's actions. Therefore, since there is circumstantial evidence which supports the conclusion of Myers, the appellant's first assignment of error is overruled.

The appellant, in support of his second assignment of error, quotes State v. Roberts (1957), 107 Ohio App. 523 [9 O.O.2d 59], which held that one cannot be convicted of a violation of R.C. 4511.20, as it was then worded, unless there is a showing that the person or property was endangered while lawfully on the highway. However, R.C. 4511.20, as then written, stated in pertinent part:

"No person shall operate a vehicle * * * without due regard for the safety and rights of pedestrians and drivers and occupants of all other vehicles * * *, so as to endanger the life, limb, or property of any person while in the lawful use of the streets or highways."

The defendant also cites, in support of his position, State v. Knighton (1959), 112 Ohio App. 441 [16 O.O.2d 335], in which the decision was based on the same or a similar statute. In Knighton, the court held that unless there was proof of damage to life, limb or property of some person while in the lawful use of the highway, the defendant could not be found guilty; and, the court in that case determined that the striking of a bridge on the highway was not a violation of R.C. 4511.20 as the bridge was not a person. R.C. 4511.20, as effective on the date of the trial in the case sub judice, read as follows:

"No person shall operate a vehicle,

---

[1] The trooper said that he traced the tire marks from Orchard Street around the corner and down the alley to a point where he found slide marks. It was at this point that the defendant "slid out of control and slid into the building."

trackless trolley, or streetcar on any street or highway without due regard for the safety of persons or property."

It is obvious that the General Assembly has seen fit to eliminate the words "while in the lawful use of the streets or highways." The defendant contends that since the garage which the defendant struck was off the alley and since there was no proof of the presence of persons or property on the alley at the time of the incident, the defendant cannot be found guilty. We disagree.

The fact that the General Assembly has seen fit to change the language of R.C. 4511.20 subsequent to the decisions in the cases cited by the defendant causes us to conclude that it makes no difference whether the injury, or damage, is to persons or property on, or off, the street. Otherwise, the language "while in the lawful use of the streets or highways" would not have been deleted from the statute. Therefore, the appellant's second assignment of error is overruled.

In response to the appellant's third assignment of error, we overrule the same for the reasons stated in response to the appellant's second assignment of error.

It is the order of this court that the judgment herein appealed from be, and the same hereby is, affirmed.

*Judgment affirmed.*

HENDRICKSON, P.J., KOEHLER and JONES, JJ., concur.